### CALLAWAY, guardian, *v.* NASH.

PER CURIAM. 1. The ground upon which the motion to appoint an auditor was predicated might have offered good reason for continuing the case if a motion for a continuance had been made; but the refusal of the judge to appoint an auditor upon the ground stated was not an abuse of discretion.

2. Considered in the light of the evidence in the case (and when the excerpts from the charge of which complaint is made are also considered in connection with the charge as a whole), the instructions complained of are not subject to objection as expressions by the court of an opinion on the facts of the case, nor as unauthorized by the evidence in the case. Nor did such instructions eliminate from the consideration of the jury the question whether or not the plaintiff and defendant were partners. Nor did such instructions tend to confuse the jury.

3. The objection to the following testimony, to wit, "That account there shows money I drew out for a salary," based upon the ground that the evidence sought to be elicited from the witness, R. C. Nash, was as to transactions with the insane plaintiff, should have been sustained and the testimony excluded.

4. The plaintiff having alleged and defendant having admitted the joint ownership of a brick stable, which the petitioner prayed should be partitioned, it was error to fail to submit to the jury the question as to the partition of this property; and the verdict of the jury and judgment of the court which made no reference to this property should have been set aside and a new trial should have been granted.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4394. FEBRUARY 27, 1925.

Equitable petition. Before Judge Shurley. Wilkes superior court. April 12, 1924.

*W. A. Slaton,* for plaintiff.   *C. E. Sutton,* for defendant.